UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE LINDSEY, *PRO SE*, | ) | Case No.: 1:04 CV 2239 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CLEVELAND, OHIO, *et. al.,* | ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

Maurice Lindsey ("Plaintiff" or "Lindsey") brought suit against the City of Cleveland, Ohio; Cleveland Detectives Bob Kansic, Mike Rinkis, and Neil Hutchinson; Cleveland Police Officers Bernie Norman, and Joe Bovenzi (Defendants City of Cleveland, Kansic, Rinkis, Hutchinson, Norman, and Bovenzi shall together be referred to as the "State Defendants"); and Federal Drug Enforcement Administration ("DEA") agents Kirk Johns, Lee Lucas, Jamaal Ansari, and Frank Strimple (Johns, Lucas, Ansari and Strimple shall together be referred to as the "Individual Federal Defendants"). Plaintiff alleges constitutional violations under 42 U.S.C § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 398 (1971), as well as state tort law claims for "assault and battery, intentional infliction of emotional distress, outrageous conduct, cruel and unusual punishment, negligence, gross negligence, and negligent hiring, retention and supervision . . . ." (Complaint ¶ 30, ECF No.1.)

Pending before the court is: (1) the Motion to Dismiss Plaintiff's *Bivens* and 42 U.S.C. § 1983 claims against the Individual Federal Defendants for lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, and failure to state a claim upon which relief can be granted (Indiv. Fed. Defs.' Mot. to Dismiss, ECF No. 21-1); and (2) the Motion to Dismiss Under Rule 12(b)(6) filed by the State Defendants (ECF No. 40). For the reasons set forth below, both Motions to Dismiss are granted in part and denied in part.

### I. BACKGROUND

Plaintiff alleges in his *pro se* Complaint that incident to his arrest on October 15, 2002, the Defendants beat and assaulted him. (Complaint, ¶ 14.) He claims he was struck in the head from behind with a pistol and that the blow split his head open, causing it to bleed profusely. (*Id.* at ¶¶ 15-19.) Plaintiff further alleges that he was kicked in the face while he lay on the ground from the impact of the pistol strike and that he suffered bruises from the kicks to his face. (*Id.* at ¶¶ 15, 17.) He also claims he was not given immediate medical attention. (*Id.* at ¶ 19.) He seeks compensatory and punitive damages, without demanding a specific amount. (*Id.* at p. 7.)

### II. PROCEDURAL HISTORY

Plaintiff filed his Complaint on November 10, 2004. (ECF No. 1.) On July 13, 2005, the United States of America filed a Notice of Substitution for the Individual Federal Defendants on the state tort claims against them. (ECF No. 19.) That same day, the United States of America filed a motion to dismiss the state tort claims against the Individual Federal Defendants (ECF No. 20) and the Individual Federal Defendants filed a motion to dismiss the *Bivens* and Section 1983 claims against them. (ECF No. 21.) Thereafter, Plaintiff filed an Objection to the substitution of the United States as a party and a Motion to Stay response to the Individual Federal Defendants' motion to

dismiss the *Bivens* and Section 1983 claims until after resolution of the substitution issue. (ECF Nos. 24 and 25.)

On March 31, 2006, the court denied the Motion to Dismiss the state torts claims against the Individual Federal Defendants filed by the United States without prejudice to reasserting. (ECF No. 29.) That same day, the court also denied Plaintiff's Motion to Stay the response to Individual Federal Defendants' Motion to Dismiss the *Bivens* and Section 1983 claims until the resolution of the substitution issue. *Id.* An evidentiary hearing was held on April 26, 2006, at which it was determined that the Individual Federal Defendants were acting within the scope of their employment. (ECF No. 37.) The consequences of this determination are discussed *infra*.

### III. DISMISSAL STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows the court to determine the legal sufficiency of a plaintiff's claims. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). Courts reviewing a 12(b)(6) motion must accept the well-pled factual allegations of the complaint as true and construe all reasonable inferences in favor of the plaintiff. *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). However, the court is not required to accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegation. *Blackburn v. Fisk University*, 443 F.2d 121, 123 (6th Cir. 1971). Accordingly, a court must determine "whether the plaintiff undoubtedly can prove no set of facts in support of [his] claim that would entitle [him] to relief" under a viable legal theory advanced in the complaint. *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995), *cert. denied*, 116 S. Ct. 1041 (1996).

## IV. LAW AND ANALYSIS

### A. Statute of Limitations as to Plaintiff's § 1983 Claim Asserted Against the State Defendants and *Bivens* Claim Asserted Against the Individual Federal Defendants

The State Defendants argue that Plaintiff's claims are all barred by the applicable statute of limitations. Section 1983 claims brought in Ohio are subject to the two-year statute of limitations period found in § 2305.10 of the Ohio Revised Code. *See Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997); *LRL Props. v. Portage Metro Housing Auth.*, 55 F.3d 1097, 1105 (6th Cir. 1995). The State Defendants contend that since Plaintiff's Complaint was not filed until after October 15, 2004, the statute of limitations on Plaintiff's § 1983 claim has expired.

Similarly, the Individual Federal Defendants argue that Plaintiff's *Bivens* claims are barred by the statute of limitations. In *Bivens*, the Supreme Court held that a cause of action may be sustained against federal officers for constitutional violations. *See Bivens*, 403 U.S. at 389. The Supreme Court failed to provide a statute of limitations for *Bivens* claims. *Id.* at 397. In Ohio, the two-year statute of limitations provided for in Ohio Revised Code §2305.10[1] is applicable to *Bivens* claims. *See Kurinsky v. United States*, 33 F.3d 594, 599 (6th Cir. 1994); *see also Friedman v. Estate of Presser*, 929 F.2d 1151, 1158 (6th Cir. 1991). Plaintiff claims his injuries took place on October 15, 2002. (Compl., ¶ 14, ECF No. 1.) Pursuant to O.R.C. §2305.10 (A), the statute of limitations on Plaintiff's *Bivens* claim would have expired on October 15, 2004. The Complaint was not filed until November 10, 2004. (*See* Compl.)

---

[1] Section 2305.10 provides that "action[s] for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues . . . a cause of action accrues under this division when the injury or loss to person or property occurs." O.R.C. § 2305.10 (A) (2006).

Plaintiff argues that the prisoner's mailbox rule should apply and his Complaint should be considered as having been filed on October 14, 2004.[2] (Pl.'s Resp. to Indiv. Fed. Defs.' Mot. to Dismiss at 3-4, ECF No. 39.) The Supreme Court established the prisoner's mailbox rule in *Houston v. Lack*, 487 U.S. 266, 276 (1988). In *Houston*, a *pro se* prisoner's notice of appeal was considered filed when the prisoner gave the notice to prison authorities to be mailed. *Id.* The Supreme Court reasoned that a *pro se* prisoner has little control over the delivery of his document to a court clerk on a timely basis. *Id.* at 271-72. The prisoner's mailbox rule was based on a prisoner "do[ing] all that could be reasonably expected to get the letter to its destination within the required [time]." *Id.* at 269-70.

According to Plaintiff, he placed his Complaint in the designated "legal mailbox" for placement in the United States Mail Service on October 14, 2004. Plaintiff states that he used the address for the court that was contained in a 1999 "United States Court Directory" provided to him by the Duluth Prison Camp's library. That directory contained the former, and not the current, address of this court. Plaintiff has included a photocopy of the directory page listing the former address (ECF No. 3), which is the same address listed on the Certificate of Mailing. (Compl. at 8.) When Plaintiff's first mailing was returned to him, he questioned the address provided to him and took additional steps to obtain the current address.

The Individual Federal Defendants argue that the prisoner's mailbox rule should not apply in the instant case because Plaintiff "did not do all he was expected to do to ensure that the Complaint [timely] arrived at this Court because [he] failed to obtain the current address of this

---

[2] In the Sixth Circuit, the prisoner's mailbox rule has been applied to a *pro se* prisoner's complaint. *See, e.g.*, *Gilbert v. Joyce, Loftus & Costello,* 1997 U.S. App. LEXIS 21357, at *6-7 (6th Cir. 1997.)

Court." (Reply to Pl.'s Resp. to Indiv. Fed. Defs.' Mot. to Dismiss at 8, ECF No. 41.) However, in *Houston*, the court stated "the petitioner may have mistakenly used the post office box number of the Tennessee Supreme Court rather than that of the Federal District Court . . . ." *Id.* at 268. While the Supreme Court did not spend time analyzing whether a wrong address may have at least partially been responsible for the late filing of the notice of appeal, the above-mentioned statement may be read as implying that a reasonable mistake of this type would not foreclose a prisoner from the benefits of the prisoner's mailbox rule.

The Individual Federal Defendants cite *Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993), where the court stated that the prisoner's mailbox rule cannot be applied in instances where a prisoner "fail[s] to stamp or properly address outgoing mail or to follow reasonable prison regulations governing prisoner mail." *Id.* In *Thompson*, the prison authorities informed the appellant that they did not send his mail because he had failed to include his name and prisoner number on the envelope. *Id.* *Thompson* is distinguishable on its facts as it did not involve a prisoner relying on a prison-provided directory containing the former address of the court. Plaintiff in the instant case followed all the prison's procedures regarding outgoing prison mail, which the appellant in *Thompson* failed to do.[3] Moreover, in *Thompson*, the Fifth Circuit vacated the district court's order dismissing the petitioner's claims and remanded for a determination of whether the prisoner's mail box rule might cure the timeliness issue. Thus, the reasonableness of Plaintiff's actions in the instant case must still be analyzed.

---

[3] The Individual Federal Defendants' discussion of the holding in *Dison v. Whitley*, 20 F.3d 185 (5th Cir. 1994) is also factually distinct. Additionally, both *Thompson* and *Dison* are Fifth Circuit cases which are not binding on this court.

In *Mayne v. Hall*, 122 F.Supp. 2d 86, 96-97 (D. Mass. 2000), the prisoner's mailbox rule was applied to facts nearly indistinguishable from the instant case. In *Mayne*, the plaintiff received the incorrect (former) address of the courthouse from the clerk of courts. The plaintiff then mailed a petition to the former address of the courthouse. The court held that the prisoner's mailbox rule should apply, despite plaintiff's use of the courthouse's former address, because plaintiff acted reasonably in relying on the address provided by the court clerk. *Id.* In the instant case, Plaintiff maintains that he placed his Complaint in the prison mailbox on October 14, 2004, but that it did not reach the court in time to comply with the statute of limitations because he had relied on the prison's 1999 directory which contained the former address for this court and thus he addressed the envelope to the former address. As in *Mayne*, this court finds that Plaintiff should be given the benefit of the prisoner's mailbox rule because he acted reasonably when relying on the directory provided by the prison library for the address of this court.

Inasmuch as the State Defendants and the Individual Federal Defendants (together, "Defendants") have challenged the timeliness of the filing of Plaintiff's Complaint through Motions to Dismiss for failure to state a claim rather than by motions for summary judgment, the court finds that the Defendants have not met their burden to show that Plaintiff can prove no set of facts that would entitle him to relief. Plaintiff's Complaint indicates that it was given to prison authorities for mailing on October 14, 2004. While the Complaint was not filed until November 10, 2004, this fact is not necessarily inconsistent with Plaintiff's claim that, consistent with the prisoner's mailbox rule, he gave his Complaint to the prison authorities for mailing on the date indicated in his certificate of mailing which is part of his Complaint. Given these facts, it would be incumbent upon Defendants to demonstrate through probative evidence that Plaintiff did not

proceed in a manner which would entitle him to the benefits of the mailbox rule. They have not made such a demonstration, as they have not produced through affidavit or otherwise, support for their contention that Plaintiff cannot reasonably rely on the rule in the context of his actions in this case.

Consequently, this court will consider Plaintiff's Complaint as having been timely filed on October 14, 2004, for purposes of Defendants' Motions to Dismiss for failure to state a claim upon which relief can be granted. Therefore, the State Defendants' Motion to Dismiss the § 1983 claims against them based on the statute of limitations, as well as the Individual Federal Defendants' Motion to Dismiss the *Bivens* claims against them, based on the statute of limitations, are denied.

**B. Statute of Limitations as to Plaintiff's Intentional Infliction of Emotional Distress, Assault, and Battery Claims Asserted Against the State Defendants**

The State Defendants argue that Plaintiff's intentional infliction of emotional distress, assault, and battery claims are barred by the statute of limitations. (*See* Compl. ¶ 30.) Ohio Revised Code § 2305.11.1 sets forth a one-year statute of limitations for actions based upon a claim of assault and battery. Additionally, the one-year statute of limitations is also applicable to any claim for intentional infliction of emotional distress based on assault. *See Vandiver v. Morgan Adhesive Co.*, 126 Ohio App.3d 634, 638 (1998) (quoting *Love v. Port Clinton*, 37 Ohio St.3d 98, 99 (1988) ("Where the essential character of an alleged tort is an intentional, offensive touching, the statute of limitations for assault and battery governs…")). In the instant case, Plaintiff alleges that the assault and battery occurred at the time of his arrest on October 15, 2002. Thus, the statute of limitations on Plaintiff's intentional infliction of emotional distress, assault, and battery claims expired on October 15, 2003. Plaintiff did not file his Complaint until October 14, 2004. Consequently, the statute of limitations on Plaintiff's intentional infliction of emotional distress,

assault, and battery claims has expired and the State Defendants' Motion to Dismiss these claims is granted.

### C. Statute of Limitations as to Plaintiff's Negligence Claims Asserted Against the State Defendants

The State Defendants argue that to the extent Plaintiff's Complaint contains state law claims of "negligence, gross negligence, negligent hiring, retention and supervision" (Compl. ¶ 30) against them, these claims are barred by the two-year statute of limitations found in O.R.C. § 2305.10. (State Defs.' Mot. to Dismiss at 3.) Negligent hiring, training, and supervision claims are subject to the two-year statutory limit of O.R.C. § 2305.10. *See Keisler v. FirstEnergy Corp.*, 2006 Ohio 476 (Ohio Ct. App. 2006). Because this court has concluded that Plaintiff's Complaint shall be considered as having been timely filed on October 14, 2004, Plaintiff's negligence claims are within the statute of limitations. Therefore, the State Defendants' Motion to Dismiss the negligence claims against them, based on the expiration of the statute of limitations, is denied.

### D4. Qualified Immunity

The Individual Federal Defendants argue that they are entitled to qualified immunity against Plaintiff's *Bivens* claims, and therefore those claims should be dismissed based on Plaintiff's failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Indiv. Fed. Defs.' Mot. to Dismiss at 6.) In civil suits for money damages, government officials are entitled to qualified immunity for discretionary acts that do "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987). Qualified immunity is a defense to liability that defendants must plead in accordance with Federal Rule of Civil Procedure 8(c). *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (citation omitted). Whether particular defendants are entitled to qualified immunity is a

question to be resolved at the earliest possible stage of litigation. *Saucier v. Katz*, 533 U.S. 194 (2001). Here, rather than alleging that the activities they engaged in entitled them to qualified immunity, the Individual Federal Defendants argue that Plaintiff has not plead that each of them committed a constitutional violation. (Indiv. Fed. Defs.' Reply at 2, ECF No. 41.)

To prevail on his *Bivens* claim, Plaintiff must allege facts showing that the Individual Federal Defendants acted under color of federal law to deprive him of a constitutional right. Here, Plaintiff alleges that the Defendants deprived him of his constitutional rights under the Fourth, Eighth, and Fourteenth Amendments when they "stuck him from behind with a pistol," "kicked [him] in the face," "failed to intervene," and delayed in providing him necessary medical attention. (Compl. ¶¶ 15, 16, 19.)

When deciding a 12(b)(6) motion a court must determine "whether the plaintiff undoubtedly can prove no set of facts in support of [his] claim that would entitle [him] to relief" under a viable legal theory advanced in the complaint. *Columbia Natural Resources*, 58 F.3d at 1109. Accepting the well-pled factual allegations of the complaint as true and construing all reasonable inferences in favor of Plaintiff, the court finds that Plaintiff has set forth valid *Bivens* claims. *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Accordingly, the Individual Federal Defendants' Motion to Dismiss Plaintiff's *Bivens* claims for failure to state a claim is denied.[4]

Moreover, the Individual Federal Defendants' reliance on *Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995) in maintaining that a plaintiff's complaint must be held to a heighten pleading requirement where defendants raise the affirmative defense of qualified immunity is misplaced.

---

[4] The Individual Federal Defendants are not barred from reasserting qualified immunity in a motion for summary judgment.

In *Goad v. Mitchell*, 297 F.3d 497, 502-03 (6th Cir. 2002), the Sixth Circuit concluded "that the Supreme Court's decision in *Crawford-El* invalidates the heightened pleading requirement that we enunciated in *Veney*."

### E.  No Application of § 1983 to Actions Pursuant to Federal Law

The Individual Federal Defendants argue that Plaintiff's § 1983 claims against them must be dismissed because any and all actions taken by them were while acting under color of federal, not state law.  Plaintiff concedes that his § 1983 claims "does not apply to the Individual Federal Defendants." (Pl.'s Sur-Reply at 4, ECF No. 47.)  As § 1983 has no application to the federal government or its officers, the Individual Federal Defendants' Motion to Dismiss the § 1983 claims against them is granted.

### F. Lack of Personal Jurisdiction, Insufficiency of Process, Insufficiency of Service of Process

The Individual Federal Defendants argue that the Plaintiff's Complaint against them should be dismissed for lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process.  In order to maintain an action for damages against federal officials in their individual capacity, a plaintiff must bring the defendants before the court and the ordinary requirements for exercise of *in personam* jurisdiction are fully applicable.  *See Ecclesiastical Order of the Ism of Am v. Chasin*, 845 F.2d 113, 116 (6th Cir. 1988) (citations omitted).

Service of process in a federal action is governed by Rule 4 of the Federal Rules of Civil Procedure.[5]  Service on an officer of the United States, sued in an individual capacity for acts or

---

[5] Rule 4(c)(1) states, "[a] summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint." Fed. R. Civ. P.

omissions occurring in connection with the performance of duties on behalf of the United States, is covered by Rule 4(i)(2)(B) which requires that service be effected "by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4 (e), (f), or (g)." Fed. R. Civ. P. 4(i)(2)(B). Rule 4(i)(1) requires that a copy of the summons and of the complaint be delivered personally or delivered by registered or certified mail to the United States Attorney in the judicial district in which the action has commenced and upon the Attorney General of the United States, by registered or certified mail. *See* Fed. R. Civ. P. 4(i)(1)(A) and (B).

In the instant case, the Individual Federal Defendants argue that "the docket does not reflect that either the United States Attorney or the U.S. Attorney General received a copy of the summons and complaint pursuant to Fed. R. Civ. P. 4(i)(1)(B)" and thus sufficiency of process has not been perfected. (Indiv. Fed. Defs.' Mot. to Dismiss at 10.) This point is well-taken. However, the court will grant Plaintiff leave to properly serve the United States Attorney and the Attorney General of the United States, in compliance with Rule 4(i)(1). The Clerk's Office is directed to mail sufficient marshal forms and summonses to Plaintiff with a copy of this Order. Plaintiff is to provide U.S. Marshal forms and a summons for each defendant within thirty (30) days of this Order. He is further ordered to send a "Notice of Compliance," with an appropriate case caption for filing, with the completed forms. If Plaintiff does not comply with this Order, the court will dismiss the claims against the Individual Federal Defendants.

The Individual Federal Defendants also argue that they did not receive copies of the summons and complaint pursuant to Fed. R. Civ. P. 4(e), (f), or (g) because "[t]he certified mail

---

4(c)(1).

receipt for each of the Individual Federal Defendants does not show their *personal* receipt of the Summons and Complaint. (*See id.* (emphasis added).) This argument is not well-taken. The docket shows that all four of the Individual Federal Defendants were served by certified mail at the DEA office, by the United States Marshals Service. (*See* ECF Nos. 9 and 14.) Rule 4(e) states that "service upon an individual from whom a waiver has not been obtained and filed, . . . may be effected in any judicial district of the United States . . . pursuant to the law of the state in which the district court is located. . . ." Fed. R. Civ. P. 4(e)(1). Certified mail service of process may be made at an individual's business pursuant to Ohio Civil Rule 4.1(A) so long as the service comports with the requirements of due process. *See Regional Airport Authority v. Swinehart*, 62 Ohio St. 2d 403 (1980). This court finds that Plaintiff's service of process upon the Individual Federal Defendants by certified mail at the DEA office comports with the requirements of due process and was reasonably calculated to apprise the Individual Federal Defendants of the pendency of this action.[6] Therefore, the Individual Federal Defendants' Motion to Dismiss, based on lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process, is denied.

### G. Plaintiff's State Law Tort Claims Against the Individual Federal Defendants

On April 26, 2006, this court held an evidentiary hearing regarding the propriety of the substitution of the United States as the defendant for the Individual Federal Defendants on Plaintiff's state tort claims. When a federal employee is sued for a wrongful or negligent act, as

---

[6] The Individual Federal Defendants also argue that "upon information and belief" Strimple is no longer employed by the DEA, therefore acknowledgment of receipt at the local DEA office with respect to him was not reasonably calculated to apprise him of the pendency of this action. (Indiv. Fed. Defs.' Mot. to Dismiss at 10-11.) The Individual Federal Defendants have not filed an affidavit to this effect. Furthermore, the court does not find that any such change in employment would mean that the notice was not calculated to apprise Strimple of the action.

-13-

Plaintiff alleges in his state tort claims, the Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, empowers the Attorney General to certify that the employees were "acting within the scope of [their] office or employment at the time of the incident out of which the claim arose . . . ." 28 U.S.C. § 2679(d)(1).  Upon certification by the Attorney General, the individual employees are dismissed from the action and the United States is substituted as the defendant.  The case then falls under the Federal Tort Claims Act ("FTCA"), ch. 753, 60 Stat. 812, 842.  *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 419-420 (1995).

Plaintiff in the instant case challenged the certification and the substitution of the United States for the Individual Federal Defendants.  The court held a hearing on the issue.  At the conclusion of the hearing, this court determined that the Individual Federal Defendants were acting within the scope of their employment and thus the certification and substitution were proper. Accordingly, the Individual Federal Defendants are dismissed from the state tort claims alleged by Plaintiff and the United States is substituted as the Defendant on those claims.

In an Order dated March 31, 2006, this court stated that "[i]f the court determines that the Individual Federal Defendants acted within the scope of their employment, then the United States' Motion to Dismiss regarding the state tort claims will be granted if, as maintained by the United States, Plaintiff has failed to follow the mandatory administrative review process set forth in the FTCA."  (Order at 8, ECF No. 29.)  The Federal Tort Claims Act provides that an "action shall not be instituted upon a claim against the United States for money damages" unless the claimant has

first exhausted his administrative remedies.[7] At this time, as the court has found that the Individual Federal Defendants were acting within the scope of their employment and thus the certification and substitution were proper, the court shall permit Plaintiff fourteen (14) days from the date of this Order to show that he has exhausted his administrative remedies on his state tort claims. If Plaintiff fails to do so within fourteen (14) days of this Order, this court shall dismiss the state tort claims against the United States.

### V. CONCLUSION

For the foregoing reasons, the Individual Federal Defendants' Motion to Dismiss is granted in part and denied in part. (Indiv. Fed. Defs.' Mot. to Dismiss, ECF No. 21.) Inasmuch as Plaintiff's Complaint asserts § 1983 claims against the Individual Federal Defendants, those claims are dismissed. Plaintiff's *Bivens* claims against the Individual Federal Defendants remain.

Additionally, for the above-state reasons, the State Defendants' Motion to Dismiss is granted in part and denied in part. (State Defs.' Mot. to Dismiss, ECF No. 40.) Plaintiff's state law intentional infliction of emotional distress, assault, and battery claims are dismissed. The remainder of Plaintiff's claims against the State Defendants remain.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*

---

[7] 28 USC § 2675 Disposition by federal agency as prerequisite; evidence
(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail . . . .

                                                              UNITED STATES DISTRICT JUDGE

March 13, 2007